**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUNQATE, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>ARAMARK CORPORATION; BEST BUY CO., INC.; DOW CHEMICAL COMPANY; HEWLETT PACKARD COMPANY; HYATT CORPORATION; MERCK & CO., INC. n/k/a MERCK SHARP & DOHME CORP.; REALMATCH INC.; TALEO CORPORATION; UNITED AIRLINES and WHIRLPOOL CORPORATION,<br><br>            Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Trunqate, LLC ("Trunqate" or "Plaintiff") makes the following allegations against Aramark Corporation, Best Buy Co., Inc., Dow Chemical Company, Hewlett Packard Company, Hyatt Corporation, Merck & Co., Inc. n/k/a Merck Sharp & Dohme Corp., RealMatch Inc., Taleo Corporation, United Airlines, and Whirlpool Corporation.

**PARTIES**

1. Plaintiff Trunqate is a California limited liability company with its principal place of business at 547 South Marengo Ave., Ste. 104, Pasadena, CA 91101.

2. On information and belief, Aramark Corporation ("Aramark") is a Delaware corporation with its principal place of business at 1101 Market Street, Philadelphia, PA 19107. Aramark may be served through its registered agent CT Corporation System, 208 So. LaSalle St., Suite 814, Chicago, IL 60604.

1

3. On information and belief, Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Ave. South; Richfield, MN 55423. Best Buy may be served through its registered agent C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604-1101.

4. On information and belief, The Dow Chemical Company ("Dow") is a Delaware corporation with its principal place of business at 2030 Dow Ctr., Midland, MI 48674. Dow may be served through its registered agent CT Corporation System, 208 So. LaSalle St., Suite 814, Chicago, IL 60604.

5. On information and belief, Hewlett-Packard Company ("HP") is a California company with its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304-1185. HP may be served through its registered agent CT Corporation System, 818 W Seventh St., Los Angeles, CA 90017.

6. On information and belief, Hyatt Corporation ("Hyatt") is a Delaware corporation with its principal place of business at 71 South Wacker Dr., 12th Floor, Chicago, IL 60606. Hyatt may be served through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7. On information and belief, Merck & Co., Inc. n/k/a Merck Sharp & Dohme Corp. ("Merck") is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, NJ 08889. Merck may be served through its registered agent Ct Corporation System, 208 So. LaSalle Street, Suite 814, Chicago, IL 60604.

8. On information and belief, RealMatch Inc. ("RealMatch") is a New Jersey corporation with its principal place of business at Turnpike Plaza Office Complex, 197 Route 18

South, East Brunswick, NJ 08816. RealMatch may be served through its registered agent The Job Network, 197 Rout 18 South, East Brunswick, NJ 08816.

9. On information and belief, Taleo Corporation ("Taleo") is a Delaware corporation with its principal place of business at 4140 Dublin Blvd., Ste. 400, Dublin, CA 94568. Taleo may be served through its registered agent National Registered Agents Inc., 200 W. Adams St., Chicago, IL 60606.

10. On information and belief, United Air Lines, Inc. ("United") is a Delaware limited partnership with its principal place of business at 77 W. Wacker Dr., Chicago, IL 60601. United may be served through its registered agent Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703.

11. On information and belief, Whirlpool Corporation ("Whirlpool") is a Delaware corporation with its principal place of business at 2000 N. M-63, Benton Harbor, MI 49022. Whirlpool may be served through its registered agent Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

**JURISDICTION AND VENUE**

1. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,592,375

16. Plaintiff is the owner by assignment of United States Patent No. 5,592,375 ("the '375 Patent") entitled "Computer-Assisted System for Interactively Brokering Goods or Services Between Buyers and Sellers" – including all rights to recover for past and future acts of infringement. The '375 Patent issued on January 7, 1997. A true and correct copy of the '375 Patent is attached as Exhibit A.

17. On information and belief, Aramark has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by Aramark include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented systems for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of the '375 Patent. Also upon information and belief, Aramark knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by potential employee candidates. It is further alleged that Aramark has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. Aramark is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

18. On information and belief, Best Buy has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by Best Buy include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented system for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of the '375 Patent. Also upon information and belief, Best Buy knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by potential employee candidates. It is further alleged that Best Buy has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. Best Buy is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

19. On information and belief, Dow has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by Dow include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented system for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of

the '375 Patent. Also upon information and belief, Dow knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by potential employee candidates. It is further alleged that Dow has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. Dow is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

20. On information and belief, HP has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by HP include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented system for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of the '375 Patent. Also upon information and belief, HP knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by potential employee candidates. It is further alleged that HP has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. HP is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

6

21. On information and belief, Hyatt has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by Hyatt include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented systems for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of the '375 Patent. Also upon information and belief, Hyatt knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by potential employee candidates. It is further alleged that Hyatt has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. Hyatt is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

22. On information and belief, Merck has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by Merck include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented system for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of

the '375 Patent. Also upon information and belief, Merck knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by potential employee candidates. It is further alleged that Merck has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. Merck is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

23. On information and belief, RealMatch has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of RealMatch's website www.realmatch.com and employee candidates, of the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by RealMatch include, without limitation, offering for sale, and/or selling within the United States, at least a computer implemented method for assisting with an employer's hiring decision from among a pool of candidates. Also upon information and belief, RealMatch knew or should have known that the computer implemented method for assisting with an employer's hiring decision from among a pool of candidates found on the realmatch.com website would induce infringement by its customers and employee candidates. It is further alleged that RealMatch has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented method for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a method that infringes the '375 Patent, and which does not have a substantial non-infringing use. RealMatch is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b) & (c).

24. On information and belief, Taleo has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Taleo and employee candidates, of the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by Taleo include, without limitation, offering for sale, and/or selling within the United States, at least Taleo's computer implemented method for assisting with an employer's hiring decision from among a pool of candidates. Also upon information and belief, Taleo knew or should have known that the computer implemented method for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by its customers and employee candidates. It is further alleged that Taleo has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented method for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a method that infringes the '375 Patent, and which does not have a substantial non-infringing use. Taleo is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b) & (c).

25. On information and belief, United has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by United include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented system for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of the '375 Patent. Also upon information and belief, United knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a

9

pool of candidates would induce infringement by potential employee candidates. It is further alleged that United has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. United is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

26. On information and belief, Whirlpool has been and now is directly infringing and/or inducing infringement by others, and/or contributing to the infringement by others, including employee candidates the '375 Patent in this judicial district, and elsewhere in the United States. Infringements by Whirlpool include, without limitation, using within the United States, an enterprise resource planning and/or talent acquisition system used for the recruitment, promotion, and hiring of employees, including at least the Taleo computer implemented system for assisting with an employer's hiring decision from among a pool of candidates, infringing at least one claim of the '375 Patent. Also upon information and belief, Whirlpool knew or should have known that the computer implemented system for assisting with an employer's hiring decision from among a pool of candidates would induce infringement by potential employee candidates. It is further alleged that Whirlpool has contributed to the infringement of the '375 Patent by engaging in such activities knowing that its computer implemented system for assisting with an employer's hiring decision from among a pool of candidates is especially made or especially adapted to be used in a system that infringes the '375 Patent, and which does not have a substantial non-infringing use. Whirlpool is thus liable for infringement of the '375 Patent under 35 U.S.C. § 271(a), (b), & (c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '375 Patent;

2. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '375 Patent as provided under 35 U.S.C. § 284;

3. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

4. Any and all other relief to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: July 12, 2011              Respectfully submitted,


                                  By:   /s/ Ronald B. Kowalczyk

                                  Ronald B. Kowalczyk (ARDC #6274373)
                                  KOWALCZYK LAW OFFICES, P.C.
                                  114 North Hale Street
                                  Wheaton, Illinois 60134
                                  (T)    630.665.2224
                                  (F)    630.665.2221
                                  Rkowalczyk@kowalczyklaw.com

        Gregory P. Love
        Texas State Bar No. 24013060
        Scott E. Stevens
        Texas State Bar No. 00792024
        Darrell G. Dotson
        Texas State Bar No. 24002010
        Todd Y. Brandt
        Texas State Bar No. 24027051
        STEVENS LOVE
        111 West Tyler Street
        PO Box 3427
        Longview, Texas 75606
        (T) (903) 753–6760
        greg@stevenslove.com
        scott@stevenslove.com
        darrell@stevenslove.com
        todd@stevenslove.com

        Andrew W. Spangler
        Texas State Bar No. 24041960
        SPANGLER LAW, PC
        208 N Green St., #300
        Longview, Texas 75601-7312
        (T) (903) 753-9300

        **Counsel for Trunqate, LLC**